IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**ALICE BONNER**                                                 **PLAINTIFFS**
**on Behalf of Herself and Others**
**Similarly Situated**

**v.**                                                     **CAUSE NO.:** 1:19cv171-SA-DAS

**PRAIRIE OPPORTUNITY, INCORPORATED**                      **DEFENDANT**

## COLLECTIVE ACTION COMPLAINT
## JURY TRIAL DEMANDED

**COME NOW**, the Plaintiff, Alice Bonner, (hereinafter "Plaintiff"), by and through the undersigned, and hereby file this lawsuit against Prairie Opportunity, Incorporated (hereinafter "Prairie Opportunity" or "Defendant"), on behalf of Herself and All Others Similarly Situated account payable clerks and bookkeepers pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action states the following:

1. Prairie Opportunity is a Mississippi non profit corporation conducting business in the State of Mississippi. Prairie Opportunity employs over forty (40) persons in Mississippi. On information and belief, its principal place of business is located at 501 Hwy. 12 West, Suite #110, Starkville, Mississippi 39759.

2. The Plaintiff, Alice Bonner, currently resides in Noxubee County, Mississippi.

3. At all times material to this action, the Plaintiff, Alice Bonner, was employed by Prairie Opportunity at its business located in the Northern District of Mississippi, Aberdeen Division.

4. This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq. and specifically, the collective action provision of the Act found at Section 216(b), for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by Prairie Opportunity. As a result of these violations, Prairie Opportunity has deprived the named Plaintiff, as well as others similarly situated to the named Plaintiffs, their lawful minimum wage and overtime wages.

5. This action is brought to recover unpaid compensation owed to the named Plaintiff and all current employees and former employees of Prairie Opportunity who are similarly situated to the named Plaintiff, pursuant to the FLSA.

6. For at least three (3) years prior to filing this Complaint, Prairie Opportunity has had a uniform policy and practice of consistently requiring its employees titled "Accounts Payable Clerk and/or Bookkeepers" to work over forty (40) hours per week without overtime compensation.

7. Prairie Opportunity has misclassified its Accounts Payable Clerks or Bookkeepers as overtime and full minimum wage exempt.

8. The Plaintiffs and all similarly situated employees who elect to participate in this action seek unpaid overtime and minimum wage compensation, an equal amount of liquidated damages, attorneys' fees and costs, pursuant to 29 U.S.C. §216(b).

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Northern District of Mississippi under 28 U.S.C. §1391(b).

10. Prairie Opportunity is subject to personal jurisdiction in the State of Mississippi for purposes of this lawsuit.

11. At all times material to this action, Prairie Opportunity is an enterprise engaged in commerce or in the production of goods or commerce with an annual dollar volume (ADV) in excess of $500,000, as defined by §203(s)(l) of the FLSA.

12. At all times relevant to this action, Prairie Opportunity was an "employer" of the named Plaintiffs as defined by §203(d) of the FLSA.

13. At all times material to this action, the named Plaintiff and similarly situated Plaintiffs were "employees" of Prairie Opportunity as defined by the FLSA, and worked for Prairie Opportunity within the territory of the United States within three (3) years preceding the filing of this lawsuit.

14. The provisions set forth in §§ 206, 207, and 211(c), respectively, of the FLSA apply to Prairie Opportunity. All members of the plaintiff class herein were covered and not exempt by §§ 206, 207, and 211(c) of the FLSA while they were employed by Prairie Opportunity.

15. The Plaintiffs and other similarly situated employees were and are required to perform during the vast majority of time in their work week, primarily non-managerial, non-administrative, non-professional, non-exempt, duties without overtime compensation for hours worked in excess of forty (40) in any week. Said Plaintiffs and others similarly situated were in fact hourly employees.

16. Prairie Opportunity has intentionally failed and/or refused to pay Plaintiff and others similarly situated according to the provisions of the FLSA.

17. The systems, practices and duties of the named Plaintiff have existed for at least three (3) years throughout Prairie Opportunity's businesses.

18. For at least three (3) years, Prairie Opportunity has been aware of the requirements of the FLSA and its corresponding regulations regarding overtime compensation. Despite this knowledge, Prairie Opportunity has failed to pay the named Plaintiffs, and others, similarly situated, the mandatory lawful minimum wage and overtime compensation to conform their duties to the requirements of the FLSA.

19. Prairie Opportunity has concealed the true employment status of Plaintiff and other similarly situated employees; thus, the applicable statute of limitations governing FLSA actions at 29 U.S.C. §255(a) is tolled for as long as Prairie Opportunity engaged or engages in the misleading conduct set forth above, which is a period of at least nineteen (19) years. Prairie Opportunity is stopped from raising such statute of limitations as a bar to recovery.

20. There are numerous other similarly situated employees and former employees of Prairie Opportunity who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit.

21. Those similarly situated employees are known to Prairie Opportunity and are readily identifiable and locatable through Prairie Opportunity's payroll and employment records. Specifically, all employees during the last three (3) years to present titled "Payroll Clerk/Bookkeeper," former employees titled "Payroll Clerk/Bookkeeper" during the said time period and current employees who hold or held such titles at any time in the last three (3) years would all benefit from Court-Supervised Notice and the opportunity to join the present lawsuit.

22. In addition to the amount of unpaid wages owed to the Plaintiff and all others similarly situated, they are also entitled to recover an additional equal amount as liquidated damages

pursuant to 29 U.S.C. § 216(b) and pre-judgment interest.

23. Prairie Opportunity's actions were willful in failing to compensate the Plaintiff, as well as other similarly situated employees and former employees, in violation of the FLSA.

24. Prairie Opportunity has clearly not made a good faith effort to comply with the FLSA.

25. The named Plaintiff, and all others similarly situated, are also entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## FLSA CLAIM PURSUANT TO 216(B) OF THE FAIR LABOR STANDARDS ACT AND REQUEST FOR DECLARATORY JUDGMENT

26. Prairie Opportunity has failed to pay all of its payroll clerks/bookkeepers overtime and minimum wages.

27. Payroll Clerks and /or Bookkeepers do not meet the 213(a)(1) salary requirement.

28. The named Plaintiff Alice Bonner is employed with Prairie Opportunity at its Starkville, Mississippi, location. She has worked in the position identified as Payroll Clerk from about 2000 to the present.

29. Plaintiff did not meet the definition of an exempt employee under the FLSA.

30. Defendant's policies, procedures, training manuals and operations manuals are uniform and company-wide.

31. Defendant's written job descriptions, including Accounts Payable Clerk and/or Bookkeeper job descriptions, are uniform and identical for all locations.

32. Accounts Payable Clerk and/or Bookkeepers at all locations perform similar duties and responsibilities and are governed by the same policies and procedures, and job descriptions.

33. The similarly situated paid Accounts Payable Clerks/Bookkeepers, including the named Plaintiff, perform non-managerial, non-administrative, and non-professional functions.

34. Defendant's written Accounts Payable and Bookkeeper job descriptions establish that Plaintiff and other similarly situated employees' primary job functions are non-managerial, non-administrative, non-professional, and non-exempt.

35. Each of Defendant's job locations maintains a hard copy of the current human resources policy and procedure manual, which includes the written job descriptions discussed above.

36. Each location maintains on its premises, a hard copy of the current operations manuals and training manuals.

37. In addition, each said location maintains on its premises, all applications and applicants' resumes, the personnel files for terminated and current employees, and other forms such as applications, reference checks, benefit forms, etc.

38. Within an individual's personnel file as maintained by Defendant, various documents are maintained such as evaluations, change notices, rates of pay, evidence of discipline, etc.

39. All reports, and or emails received from the corporate office, district or regional office must be maintained on the computer of Prairie Opportunity.

40. Each office also maintains time clock records.

41. Accounts Payable Clerks and/or Bookkeepers clock in and out on Defendant's time system each day no different than the hourly paid employees.

42. The Plaintiffs, as well as all other similarly situated, allege that Accounts Payable Clerks and/or Bookkeepers were and are paid a salary that is subject to deductions not permitted for salaried, exempt employees. The named Plaintiffs, as well as other similarly situated employees, were not and are not paid any overtime compensation, despite the fact that the employees worked well over the required 40 hours a week to entitle them to overtime pay at time and one-half for all hours worked over 40 each week.

43. Plaintiffs seek a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that Defendant's actions, as described in the Complaint, are unlawful and in violation of the FLSA.

## JURY DEMAND

44. Plaintiff demands a trial by jury of this action.

## PRAYER

**WHEREFORE**, the Plaintiff, individually and on behalf of all other similarly situated Accounts Payable and/or Bookkeepers, pursuant to §216(b) of the FLSA, pray for the following relief:

A. At the earliest possible time, they be allowed to give notice, or that the Court issue such Notice, to all Prairie Opportunity current or former Accounts Payable and/or Bookkeepers in all locations within the State of Mississippi during the three years immediately preceding the filing of this suit, informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they worked at rates below minimum wages or if they worked overtime without overtime pay pursuant to 29 U.S.C. §216(b);

B.  The class of Plaintiffs be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

C.  Award Plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action.

D.  Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that Defendant's actions, as described in the Complaint, are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;

E.  Such other legal and equitable relief to which they may be entitled; and

F.  Plaintiffs further demand a trial by jury on all issues related to this cause.

**RESPECTFULLY SUBMITTED**, this the 25th day of September, 2019.

/s/ W. Howard Gunn
**W. HOWARD GUNN**
**ATTORNEY FOR PLAINTIFF**

**W. HOWARD GUNN**
**ATTORNEY AT LAW**
**310 SOUTH HICKORY STREET**
**POST OFFICE BOX 157**
**ABERDEEN MS 39730**
**Telephone: 662/369-8533**
**Facsimile: 662/369-9844**
**whgunn@bellsouth.net**
**MSB NO. 5073**