THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ALICE BONNER
on Behalf of Herself and
Others Similarly Situated — PLAINTIFFS

VS. — CAUSE NO.: 1:19-cv-171-SA-DAS

PRAIRIE OPPORTUNITY, INCORPORATED — DEFENDANT

ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT AND DISMISSAL OF ACTION WITH PREJUDICE

CAME BEFORE THIS COURT, Plaintiff Alice Bonner (hereinafter "Plaintiff" and/or "Bonner") and Defendant Prairie Opportunity, Incorporated, (hereinafter "Defendant´ and/or "POI"), and who hereby jointly move the Court to approve the Settlement Agreement negotiated between the Plaintiff and Defendant and to dismiss this action with prejudice. In support of their request, the parties have jointly stated and agreed to the following:

This is an action brought by Alice Bonner, a former accounts payable clerk, at Prairie Opportunity, Incorporated, a non-profit entity, for violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. ("FLSA"), based upon Defendant's failure to properly reimburse her by providing overtime in kind as opposed to overtime pay. The Defendant denies the Plaintiff's allegations. It is the Defendant's position is that the Plaintiff was properly compensated for any time worked in excess of 40 hours and denies that Plaintiff is entitled to any relief under the FLSA.

I. The Terms of the Proposed Settlement

The proposed settlement is a payment for $11,000. Out of that payment, the Plaintiff will receive $3,412.50 with half of that amount classified as wages from which taxes will withheld and

for which the Plaintiff will receive a W-2 form. The other half will be classified as liquidated damages from which no taxes will be withheld and for which the Plaintiff will receive a Form 1099-MISC.

As to attorneys' fees, costs, and expenses as follows:

1. Attorney fees pursuant to Contract with Plaintiff is $40% of $11,000 or $4,400.00;
2. Costs of $400.00 court filing fee, $125,00 process server fee, and $50.00 for postage and long distance calls; and
3. Expenses of $2,612.50 for expert witness fee for retention of Van Craft.

As shown below, the Settlement Agreement is fair and reasonable and should be approved.

II. Analysis of the Settlement

Under the FLSA, an employee may settle a private lawsuit against an employer and release FLSA claims against that employer if the parties present the district court with a proposed settlement and if the court is finds that the settlement reflects "a reasonable compromise over issues," and the relief is determined to be fair, reasonable and adequate. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-54 (11th Cir. 1982). As noted in Lynn's Food Stores:

"Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employee provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching, if a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or

computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In this case, the parties conducted an initial phase of class-related discovery. Then they entered into negotiations wherein they reached an amicable resolution of the claims made herein. Before entering negotiations, the parties understood Bonner's job descriptions, time, pay, and activity records, as well as the applicable law, regulations and case law. The parties have represented that they freely conferred with their counsel throughout this process. Counsel believe that this settlement is fair and reasonable given the strengths, weaknesses and risks associated with continued litigation. The parties affirm and agree that the settlement represents a fair and reasonable, arm's length compromise of this litigation and not as a result of any collusion.

Accordingly, after considering the Motion, the Court finds that the case is a fair and reasonable comprise of the action. The parties have provided extensive information regarding their respective positions relative to the Motion, the Court finds that the internal and external factors weigh in favor of approving the settlement as contemplated by the parties.

It is, therefore, ordered and adjudged that the Joint Motion for Approval of FLSA Settlement Agreement and Dismissal of Action with Prejudice is hereby approved and this case is hereby dismissed with prejudice with each party to be responsible for their individual costs. The Court retains jurisdiction over this case should the parties need to enforce the Settlement Agreement, if necessary.

SO ORDERED, this the 21st day of September, 2020.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

Approved:

/s/ W. Howard Gunn
W. Howard Gunn, Esq.
Attorney at Law
310 South Hickory Street
Post Office Box 157
Aberdeen, MS 39730
Phone: 662-369-8533
Fax: 662-369-9844
whgunn@bellsouth.net
*Counsel for the Plaintiff*

/s/ C. Paige Herring
C. PAIGE HERRING, MSB#10682
McAngus Goudelock and Courie, LLC
Post Office Box 2955
Ridgeland, Mississippi 39158
Phone: 601-427-7537
Fax: 601-510-9525
Paige.herring@mgclaw.com

Brian A. Hinton (MSB #99173)
ANDERSON CRAWLEY & BURKE, PLLC
Post Office Box 2540
Ridgeland, Mississippi 39158
Telephone: (601) 707-8800
Facsimile: (601) 707-8801
Bhinton@ACBLaw.com
*Counsel for the Defendant, Prairie Opportunity, Inc.*